**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT GIBBENS,** <br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6401** |
| **QUALITY RENTAL TOOLS, INC., ET AL.,** <br>    **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

This is a civil action originally filed in state court by Robert Gibbens against Quality Rental Tools, Inc. ("QRT"). QRT removed the case and asserted a counterclaim against Gibbens, Basin Holdings US, LLC ("Basin"), and Black Diamond Oilfield Rentals, LLC ("Black Diamond").[1]

Gibbens has appealed an Order from the magistrate judge denying his motion to compel.[2] The question presented is whether the ruling is clearly erroneous or contrary to law. For the following reasons, the Order is AFFIRMED IN PART and REVERSED IN PART.

## BACKGROUND[3]

Gibbens previously propounded interrogatories and requests for production ("RFP") on QRT. QRT objected. Gibbens filed a motion to compel regarding RFPs 2, 16,

---

[1] Gibbens added Basin and Black Diamond as counterclaim defendants under Federal Rule of Civil Procedure 13(h).
[2] R. Doc. 93.
[3] The facts are summarized more fully in a previous order. *See* R. Doc. 154. Familiarity is assumed.

1

17, 20, 21, and 24, and interrogatory 5. The magistrate judge denied the motion in its entirety.[4] Gibbens appeals.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[5] The magistrate judge is afforded broad discretion in resolving such motions.[6] The district judge may reverse only if the ruling is "clearly erroneous or contrary to law."[7] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[8]

## DISCUSSION

The discovery sought relates to QRT's business relationship with NAMCO. Gibbens contends the information is relevant to his claim under the Louisiana Unfair Trade Practices and Consumer Protection ("LUPTA").[9] Gibbens alleges Clements intentionally misled Corcoran to believe QRT's future revenues from NAMCO would decrease significantly. In order to prevail on his LUPTA claim, Gibbens must demonstrate "the alleged conduct offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious."[10]

RFP 2 seeks "any and all documents which corroborate [QRT's] assertion that the corporate arrangement of NAMCO changed in 2013." Gibbens does not offer any

---

[4] R. Doc. 86.
[5] 28 U.S.C. § 636(b)(1)(A).
[6] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov.8, 2006).
[7] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).
[8] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).
[9] La. Rev .Stat. § 51:1401 *et seq.* The LUPTA provides a private right of action to any person injured by "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. Rev. Stat. §§ 51:1409A, 51:1405A.
[10] *Cheramie Servs., Inc. v. Shell Deepwater Prod.*, 35 So. 3d 1053, 1059 (La. 2010) (alteration in original) (internal quotation marks omitted).

specific argument regarding these documents.  The denial of RFP 2 was not clearly erroneous.

RFP 16 seeks NAMCO's Operating Agreements.  QRT has produced the agreement in effect at the time of Gibbens's employment but argues the agreement as amended is irrelevant to the LUPTA claim.  The Court disagrees.  The discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials."[11]  The discovery sought need not be admissible itself provided it "appears reasonably calculated to lead to the discovery of admissible evidence."[12]  The Court finds that NAMCO's amended operating agreement—even if inadmissible—appears reasonably calculated to lead to the discovery of evidence that may support Gibbens's LUPTA claim.  The denial of RFP 16 was clearly erroneous.

RFP 17 seeks "all documents evidencing payments/transfers/remissions from NAMCO's bank account to QRT from 2008 until the present."  As set forth above, Gibbens claims Clements falsely represented in 2012 that QRT's future revenues from NAMCO would decrease significantly.  If QRT's revenues from NAMCO remained steady after 2012, Gibbens could use this information to argue Clements intentionally misled Corcoran.  The denial of RPF 17 was clearly erroneous.

RFP 21 requests "any and all documentation related to the annual bids/master service agreement made by NAMCO to Chevron from 2010 until 2014 as discussed on p. 172 of the transcript."  QRT derives revenues from NAMCO, which NAMCO in turn derives from its business with Chevron.  Thus, understanding the business relationship between NAMCO and Chevron is relevant to understanding whether QRT would

---

[11] *Herbert v. Lando*, 441 U.S. 153, 177 (1979).
[12] Fed. R. Civ. P. 26(b)(1).

3

continue to benefit from that relationship. The discovery sought could reveal information that Clements knew or should have known at the time of his representations to Corcoran. Again, in light of the liberal treatment of the discovery rules, the denial of RFP 21 was clearly erroneous.

RFP 20 seeks QRT's "Profit and Loss sheets and its inventory rentals from 2012 and 2013." This information helps complete the picture regarding QRT's financial status after Gibbens's departure. This information is relevant both for purposes of valuing QRT as a going concern and for purposes of Gibbens's LUPTA claim. The denial of RFP 20 was clearly erroneous.

In the event RFP 14 is denied, RFP 24 seeks "each and every 'financial statement,' 'summary financial statement,' or its functional equivalent which were created in 2011 to project [QRT's] financial future without the Chevron revenue received through NAMCO." As QRT notes in its opposition memorandum, RFP 14 *was not* denied. Thus, by its own terms, RFP 24 is moot. Gibbens makes no argument to the contrary. The denial of RFP 24 was not clearly erroneous.

Interrogatory 5 asks for sales revenue from 2010 through 2013 for the following companies: "NAMCO (Chevron), McMoran, Apache, Sampson, and Century 21." Gibbens makes no attempt to explain the relationship of McMoran, Apache, Sampson, and Century 21 to QRT and, more importantly, how their sales revenues are probative of whether Clements intentionally misled Corcoran. The Court finds, however, that the sales revenues of NAMCO are relevant for substantially the same reasons the documents sought in RFP 21 are relevant. The denial of Interrogatory 5 in full was clearly erroneous.

## CONCLUSION

QRT shall respond to Gibbens's discovery as set forth above within twenty days of this Order. To the extent any documents are deemed confidential, they shall be produced under a protective order agreed to by all parties.

New Orleans, Louisiana, this 13th day of March, 2015.

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**