# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT GIBBENS,** <br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6401** |
| **QUALITY RENTAL TOOLS, INC., ET AL.,** <br>     **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

This is a civil action originally filed in state court by Robert Gibbens against Quality Rental Tools, Inc. ("QRT"). QRT removed the case and asserted a counterclaim against Gibbens, Basin Holdings US, LLC ("Basin"), and Black Diamond Oilfield Rentals, LLC ("Black Diamond").[1]

Basin and Black Diamond have appealed an Order from the magistrate judge denying their motion to compel.[2] The question presented is whether the ruling is clearly erroneous or contrary to law. For the following reasons, the Order is AFFIRMED IN PART and REVERSED IN PART.

## BACKGROUND[3]

On August 25, 2014, Basin and Black Diamond propounded a supplemental request for production on QRT. Basin and Black Diamond filed a motion to compel on October 15, 2014.[4] The next day, QRT responded to the supplemental request for

---

[1] Gibbens added Basin and Black Diamond as counterclaim defendants under Federal Rule of Civil Procedure 13(h).
[2] R. Doc. 138.
[3] The facts are summarized more fully in a previous order. *See* R. Doc. 154. Familiarity is assumed.
[4] R. Doc. 109.

1

production.  On November 17, 2014, the magistrate judge denied the motion to compel in its entirety.[5]  Basin and Black Diamond appeal.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[6]  The magistrate judge is afforded broad discretion in resolving such motions.[7]  The district judge may reverse only if the ruling is "clearly erroneous or contrary to law."[8]  In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[9]

## DISCUSSION

Basin and Black Diamond challenge the magistrate judge's ruling on several grounds.  First, they argue the magistrate judge erred in finding QRT's failure to timely respond to the supplemental request for production did not amount to a waiver of QRT's right to object to that production.  Having reviewed the arguments of counsel and the applicable, the Courts find the magistrate judge's ruling was neither clearly erroneous nor contrary to law.

Second, Basin and Black Diamond contend the magistrate judge erred in ruling that QRT need not produce documents dated after June 30, 2012 unless QRT believes such document(s) are relevant to its counterclaim.  Relevance is not the pertinent inquiry in discovery disputes.  The discovery sought need only "appear[] reasonably

---

[5] R. Doc. 130.
[6] 28 U.S.C. § 636(b)(1)(A).
[7] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov.8, 2006).
[8] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).
[9] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

calculated to lead to the discovery of admissible evidence."[10]  The Court finds the discovery sought by Basin and Black Diamond appears reasonably calculated to lead to the discovery of evidence that may support (or controvert) QRT's counterclaim.  In light of the "broad and liberal treatment" of the discovery rules,[11] the magistrate judge's ruling was clearly erroneous.  By June 15, 2015, QRT shall supplement its production and responses to the extent it previously limited them to productions from the year 2011.[12]

Third, Basin and Black Diamond argue QRT should be compelled to produce board resolution documents and minutes for meetings held from January 1, 2011 to the present.  These documents—even if inadmissible themselves—may lead to the discovery of information that bears on QRT's counterclaim, specifically, whether Basin and Black Diamond intentionally interfered with QRT's business relationships.  The magistrate judge's ruling to the contrary was clearly erroneous.  By June 15, 2015, QRT shall supplement its production with the requested documents.

Fourth, with respect to RFPs 45, 46, and 47, Basin and Black Diamond contend QRT should be compelled to produce all documents evidencing the business ownership interests of Frank Clements, Charles Boyne, and Jack Clements.  The magistrate judge ruled QRT could seek this production from the individuals themselves.  This ruling was not clearly erroneous or contrary to law.

Finally, Basin and Black Diamond contend QRT should be required to produce the documents sought in RFPs 7-10, 21, 22, and 24.[13]  QRT responded to these RFPs

---

[10] Fed. R. Civ. P. 26(b)(1).
[11] *Herbert v. Lando*, 441 U.S. 153, 177 (1979).
[12] This is the specific relief requested by Basin and Black Diamond.  *See* R. Doc. 138-1, p. 4.
[13] It does not appear the magistrate judge actually ruled on this objection in his written reasons.  To the extent he did not, the district court will do so in the first instance.

with general allegations that the documents sought have already been produced. While QRT need not produce the same document twice, it must do more than provide vague references to previous productions *in globo*. By June 15, 2015, QRT shall respond to RFPs 7-10, 21, 22, and 24 by identifying the documents sought by Bates number.

## CONCLUSION

For the reasons previously stated, the magistrate judge's decision is affirmed in part and reversed in part. QRT's supplemental productions are due by June 15, 2015. To the extent any documents QRT has been ordered to produce are confidential, the parties may move for entry of an appropriate protective order.

New Orleans, Louisiana, this 15th day of May, 2015.

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**